declared void, the party seeking to recover upon it might abandon the claim on the express undertaking, and recover upon an implied promise, on the ground that the work had been done, or the supplies furnished, no matter how unauthorized by law the work or the supplies had been, it is obvious that the statute would be a mere nullity, and that all safeguards against improvidence and corruption would be overthrown. Such a doctrine could not be tolerated. These views, and the reasoning in support of them, are set forth more fully in the decision of this court in the case already referred to (*Brady* agt. *The Mayor, &c.*, 2 *Bosw.*, 173,) and we only now re-assert them.

Fully sensible of the hardship to which an adverse decision might subject the plaintiffs, who, without recompense, have parted with their property and labor upon an illegal and void contract, we have examined this case carefully, so that nothing might escape our notice which could tend to the plaintiffs' benefit. But we can see no ground upon which this action can be sustained. Whether in any other form of proceeding the plaintiffs can recover their property or its value, may be a question. In the present action they can have no relief. The judgment at special term must be affirmed, with costs.

---

## SUPREME COURT.

Frederico Trenor and others agt. Andrea Fachiu and others.

A *sheriff* is entitled to his *commissions* where an *attachment* under the Code, has been issued and served, upon a *settlement* of the action, upon the amount or sum which the *debtor pays to the creditor*, although it does not come to his hands, as well as his *necessary disbursements*.

*New York Special Term, February*, 1861.

An attachment was issued to the Sheriff of New York, under section 227 of the Code, for an amount exceeding

$16,000. The sheriff served it by leaving a copy with sundry persons who are supposed to be indebted to the defendants, or to have money in hand belonging to them to an amount probably sufficient to pay the demand. The action has not been tried. The parties are proposing to make some settlement or compromise. The question as to what commissions the sheriff is entitled to, in case of a compromise, is submitted.

BROWN, HALL and VANDERPOEL, *for the sheriff*.
JOS. LAROCQUE, *for defendants*.

LEONARD, Justice. Section 243 directs that the sheriff shall be entitled to the same fees, compensation and disbursements as are allowed for the like services and disbursements under chapter five, title one, part two, R. S. The services in this case are the same that are to be rendered by trustees under the chapter of the Revised Statutes referred to. No goods have been seized; credits only are attached. The compensation to trustees is provided in section 31, article eight of the said chapter and title. (3 *R. S., p.* 119, § 31, 5*th ed.*) It is all necessary disbursements, and a commission of five per cent. on the whole sum which shall have come into their hands.

In the case of a composition or settlement, there is no sum of money that comes to the hands of trustees in the case of an attachment under the Revised Statutes, or to the sheriff on attachments under the Code, where the service has been made by notifying the debtors of the defendant.

The late supreme court gave a construction to the provision of the Revised Statutes relating to the commissions of trustees, in a case where a compromise had been made and no money came to their hands.

The true construction was given, without doubt, in the matter of Robert Bunch, a non-resident debtor, (12 *Wend. R.*, 280). In the event of a compromise between the debtor

Lawrence agt. Fowler.

and creditor, the rule is an equitable one. That rule, in case of a voluntary settlement between the parties, will give to the sheriff his commissions upon such sum as the debtor pays to the creditor, although it does not come to the hands of the sheriff, as well as his necessary disbursements.

———•●•———

## SUPREME COURT.

Calvin B. Lawrence agt. Hyslop G. Fowler, Executor, &c.

Hyslop G. Fowler, Executor, &c., agt. Calvin B. Lawrence.

Where two suits between the same parties in the nature of cross actions in equity, involving an *accounting* between the parties, were referred to the same referee, and were heard together as one cause, and in the first action the referee reported that the parties were joint owners and tenants in common of the lands in question, and that the defendant had paid a certain amount on account of the purchase more than the plaintiff, and ordered partition of the premises, and appointed commissioners for partition; in the second action the referee reported that he had stated the account, and found due from the defendant to the plaintiff a certain sum,

To each decision, the plaintiff in the first action and defendant in the second, *excepted*, "to each and every finding and decision of the referee upon questions of fact, and to each and every conclusion of law arrived at by said referee, and to each and every part thereof as contained in the report of said referee in this action," and judgments upon the reports having been entered,

*Held*, that the appeal in the first action must be *dismissed*, as there was no *final* judgment entered, and in the second, the judgment must be affirmed, as there was no *exception* which could be reviewed. The exceptions in both cases (which were alike) were entirely *insufficient*.

In equity, while the *case* must be the same as at law, and contain the findings and exceptions, the *exceptions* must so far as they relate to matters of account and detail, be *specific*, pointing to the particular error claimed in the account; as specific as was required to a master's report under the former practice in chancery.

*It seems* to be a mistake in the Code to require the whole issues in equity actions to be tried before a *referee* or a *single judge* in the same way with legal actions.

*Monroe General Term, September*, 1860. *Cases argued and decided December*, 1860, *before* Smith, Johnson *and* Knox, *Justices.*

Appeal in each cause, from judgment on report of referee.