Let a bill be presented to me for taxation on the principles herein indicated.

---

## JELLINGHAUS *a.* SCHEIDT.

*Supreme Court, First District; Special Term, March,* 1865.

### SHERIFF'S FEES ON ATTACHMENT.

Where a sheriff serves an attachment upon the debtors of the defendant therein, he is entitled to his poundage upon the sum collected thereby as upon an execution.

He is not entitled to commissions as a trustee under the provisions of the Revised Statutes, where he performs only the duties which usually devolve upon a sheriff.

Appeal from taxation of costs.

An attachment was issued to the sheriff in this action by virtue of which he attached a balance of $4,943.01, in the German Savings Bank, belonging to the defendant, Gustavus A. Scheidt, and received from the cashier of the bank a memoran-

---

* Reported, *Ante,* 448.

dum of the fact. A settlement or compromise having been made between the parties, the sheriff rendered a bill for $78.67, being his poundage and service-fees. The plaintiff's attorneys tendered him $3.06 as his fees for the service of the summons and attachment. The sheriff thereupon gave notice that he would present the following bill for settlement to one of the justices of the Supreme Court: ·

Compensation at the rate of 5 per cent. on $4,943.01

attached . . . . . . . . . . $247.15
Serving copy and notice . . . . . . . 2.00
Serving summons . . . . . . . 1.06
Return fee . . . . . . . . 69

$250.80

The plaintiffs appeared and opposed the bill, which was finally taxed as follows:

Compensation to sheriff at rate of poundage on $4,943.01

collected on attachment . . . . . . $64.91
Serving copy attachment . . . . . . 2.00
Return fee on attachment . . . . . . 69

$67.60

It appeared by the affidavit presented on behalf of the sheriff, that the entire sum attached was received by the plaintiff on settling or compromising the action.

*C. Goepp*, for the plaintiff.—I. The sheriff is entitled to the same fees and compensation for services, and the same disbursements, as are allowed by law for like services and disbursements, under the provisions of chapter 5, title 1, part 2 of Revised Statutes. (*Code*, § 243.)

II. The services mentioned in that· part of the Revised Statutes which are like those here performed by the sheriff, are those mentioned in article 1 of that title, §§ 1–12; 2 *Edmonds'* ed. 3; Cowles, J., in Hoge *a.* Page (11 *How. Pr.*, 207).

III. No compensation of the sheriff for his services under these provisions is provided at section 38, tit. 3, ch. 10, part 3, p. 646. (2 *Edm.* ed., 665; 14 *Abbotts' Pr.*, 285; S. C., 23

*How. Pr.*, 236; Alburtis *a.* Dudley, 12 *Abbotts' Pr.*, 361; S. C., 21 *How. Pr.*, 456.)

IV. Unless property attached by a sheriff is sold, he is not entitled, as a matter of right, to poundage. (Alburtis *a.* Dudley, Hoge *a.* Page, *supra.*) Fifty cents is all he can claim, except, perhaps, 12½ cents for returning the writ, and 19 cents for a copy of the writ, making 82 cents.

V. All further compensation depends upon what shall be certified by the officer issuing the warrant to be reasonable. (Alburtis *a.* Dudley, Hoge *a.* Page, Birkbeck *a.* Stafford, *supra.*)

VI. Nothing will be certified to be a reasonable compensation for trouble in taking possession and preserving property, when no property has been taken possession of or preserved.

VII. Nothing will be certified to be reasonable which is not equitable.

In Trenor *a.* Fachin (12 *Abbotts' Pr.*, 136; S. C., 20 *How. Pr.*, 405), it was not denied that the attachment brought about the compromise; and in allowing the sheriff's percentage, the court relied on the equitable construction of the statute in The Matter of Bunch (12 *Wend.*, 280). See, also, Mayhew *a.* Wilson (10 *Abbotts' Pr.*, 289).

VIII. It is not equitable to give the sheriff commissions where he has done nothing but serve a notice, and where his acting has had no influence on the result of the case.

IX. If Trenor *a.* Fachin (special term decision, February, 1861) were fairly to be construed to decide that the sheriff is entitled of right to commissions where he has not sold, in the absence of special equities,—which construction is disputed,—it would be in conflict with Alburtis *a.* Dudley (decided July, 1861), and with Birkbeck *a.* Stafford, a general term decision, May, 1862, and would be to that extent overruled.

LEONARD, J.—The services performed by the sheriff in this case were not such as are performed by a trustee under chapter 5, title 1, part 2, Revised Statutes, referred to in section 243 of the Code.

In this case he performed only the duties which usually devolve upon a sheriff.

In the present case the sheriff is entitled, I think, to pound-

age upon the sum collected, as upon an execution. Vide opinion of Judge Clerke in Muller a. Santler.*

The opinion in the case of Trenor a. Fachin (12 Abbotts' Pr., 136; S. C., 20 How. Pr., 405), appears not to have been fully understood, owing to the defective statement of facts in the report.

The sheriff there collected a considerable sum from open book-accounts, due to the debtor in the attachment, in numerous small amounts, and nothing was realized from the sale of property, or by virtue of any of the ordinary powers of a sheriff under process.

The services of the sheriff were, in that case, all rendered pursuant to the fourth subdivision of section 237, conferring new powers upon sheriffs, wholly unknown before the Code. These duties are such as were performed by trustees under the proceeding by attachment mentioned in the Revised Statutes, and are entitled to be paid for at the same rate:

| | |
|---|---:|
| Fees taxed at the rate of poundage on $4,943.01 . | $64.91 |
| Serving copy attachment . | 2.00 |
| Return fee . | 69 |
| | $67.60 |

# SHAFFER a. MASON.

*Supreme Court, First District; General Term, February,* 1865.

## ATTACHMENT.

The Code of Procedure does not authorize the issue of an attachment as a provisional remedy, in actions for damages for wrongs.

Appeal from an order setting aside an attachment.

The plaintiff in this cause brought his action to recover damages for an alleged conversion of his personal property,

* Reported, *Ante,* 450.